*1536 The opinion of the court was delivered by
Breaux, J.
The plaintiffs were assessed for taxes in the year 1894, as follows: “Money loaned on interest, all credits and all bills receivable for money loaned or advanced or for goods sold, twelve thousand dollars.”
The tax claimed is designed for municipal purposes, and has no reference to any inspection law.
They have brought this suit claiming exemption from taxation on the property above mentioned.
They allege that in 1893 they conducted a wholesale business as importers of foreign goods in this city; that there was that year levied against their imported goods, in unbroken original packages, an assessment of fourteen thousand dollars; that in the case of State ex rel. Gelpi & Bro. vs. Board of Assessors, 46 An. 145, it was decided that their imported goods in such packages were not liable to taxation by the city of New Orleans; that notwithstanding the decision of this court, an assessment for 1894 has been levied against them upon credits and bills receivable for goods sold; that their only credits and bills receivable are for sale of foreign imports in unbroken original packages, upon which they have paid duty to the United States Government, and that to assess them is illegal and unconstitutional, as no such tax can be levied by a State or municipal corporation upon sales of imported goods in unbroken original packages.
The plaintiff prayed for and obtained an injunction prohibiting the defendant from seizing their property for the tax in question.
The answer was, in substance, a general denial.
The following was the agreed statement upon which the cause was tried:
“It is admitted that Paul Gelpi & Bro., plaintiffs herein, had in their business credits and bills receivable for goods sold for the year 1894, amounting to twelve thousand dollars; chat said bills were for imported goods, upon which they had paid an import duty to the United States Government, and that said goods were sold by them in original unbroken packages, said bills representing simply and solely the unpaid prices never reduced by them to possession of such imported goods.”
The foregoing is the case in so far as relates to the facts.
From a judgment in favor of plaintiffs, and against the city treas *1537 urer enjoining him from collecting the tax claimed, the latter prosecutes this appeal.
The question involved in this case is whether a State can constitutionally impose a tax upon the price of unbroken packages, not ■collected; under an assessment for “ goods sold; ” these words from the assessment are the only words which have any application to the present case.
The other portions of the assessment, as made, applies to “money loaned,” which is not a question here.
The power of the State is subject to well defined limitations.
Within these limitations, the States are prohibited from creating the power of taxation in a way contravening with the revenue laws of the general government.
The rule is that the State shall not so tax imports as to impede foreign commerce.
Property bears the burden of taxation. Its value is affected' to an amount equal to the tax. 'An increased price of foreign merchandise may result from the tax. If the importer owes this tax, he will, in accordance with business rule, add the amount to the cost of the goods. In so far as this is an impediment to foreign commerce, it would be in contravention with the article of the Constitution upon the subject. It is true that the impediment to commerce is thereby quite limited. It nevertheless is an impediment. The purpose of the provision of the Constitution invoked by the plaintiff in this case has received the attention of the Supreme Court of the United States in a number of cases.
Notably a well considered case upon the subject was the ease of Cook vs. Pennsylvania, 97 U. S. 566, 575, reviewing a number of decisions upon the subject here at issue.
The contention was between the State of Pennsylvania and an auctioneer, who sold imported goods, in original packages, at auction, for importers. The law of the State required him to pay as the amount of a license, into the treasury of the commonwealth, a tax of one-quarter of one per cent. The effect of this was, the court held, a discrimination to that amount against foreign goods sold at auction; and further, that it contravened with the clauses of the Constitution which give to Congress power to regulate commerce with foreign nations and forbids a State, without the consent of Congress, to levy imports or duties on imports.
*1538 “ Sales by the importer are held to be exempt from State taxation because the importer purchases by the payment of the duty a right to dispose of the merchandise as well as to bring it into the country.” Waring vs. The Mayor, 8 Wallace, 110, 123; Desty, and also Cooley on Taxation, have copied the words of these decisions as part of their texts.
From Hare’s American Constitutional Law, p. 252, we extract:
‘‘ A State tax can not be levied on goods that have been brought from abroad, nor can the importer be made to purchase a license before effecting a sale, because such a requirement is virtually a tax and would, moreover, operate as a regulation on commerce.”
The present is a stronger case than those to which we have referred, and more clearly contravenes the articles here invoked.
The price of the property it was sought to tax was not in the possession of the importer. The importer having the right to sell (without taxation for municipal purposes) the imported goods in original packages, it follows that he has the right to collect the price without having to pay the taxes claimed.
It not being cash in the possession and enjoyment o'f the importer, but the price not collected representing the property sold, we are confident that it is not subjected to taxation.
The judgment of the court a qua is therefore affirmed.